UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBRA JOYNER | ) |
| Plaintiff | ) Case Number |
| vs. | ) |
| | ) CIVIL COMPLAINT |
| NATIONAL ACTION FINANCIAL SERVICES, INC. & | ) |
| CHASE BANK USA, N.A. | ) JURY TRIAL DEMANDED |
| Defendants | ) |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Debra Joyner, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Debra Joyner, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, Defendant, NAFS, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices, as well as Breach of Contract and against Defendant, Chase, for Breach of Contract.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.     Venue in this District is proper in that Defendant, National Action Financial Services, Inc. maintains a primary location in this District.

## III. PARTIES

4.     Plaintiff, Debra Joyner, is an adult natural person residing at Hephzibah, GA 30815.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, National Action Financial Services, Inc. ("Defendant, NAFS"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York with a location at 116 Pine St., Suite 320 Harrisburg, PA 17101 and a principal place of business located at 165 Lawrence Bell Drive, Williamsville, NY 14221.

6.     Defendant, Chase Bank USA, NA, ("Defendant, Chase"), is and was a banking corporation with core services that include consumer and small business banking, credit cards, and asset management. They are also engaged in the business of collection on said credit cards in the State of New York and the State of Delaware with a principal place of business located at 200 White Clay Center Drive, Newark, DE 19711.

7.     Defendants, both of them, are engaged in the collection of debts from consumers using the telephone and mail.  Defendant, NAFS, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

8. On or about February 8, 2011, Defendant, NAFS, offered Plaintiff a settlement arrangement that they stated was authorized by Defendant, Chase, on Plaintiff's outstanding account. **See "EXHIBIT A" (settlement letter) attached hereto**.

9. Plaintiff was offered the option of paying $509.77 on the original balance of $1,019.53.

10. Plaintiff along with aid from her personal attorney accepted Defendant, NAFS, settlement offer.

11. Defendant, NAFS, agreement called for the Plaintiff to make first payment in the amount of $209.77 on or before February 20, 2011.

12. Plaintiff was to then follow with payments of $100.00 on or before March 20, 2011 and April 20, 2011.

13. Defendant, NAFS, agreement however did not add up and was miscalculated by $100.00.

14. On or about February 11, 2011, Plaintiff with assistance from her personal legal counsel submitted the first payment to Defendant, NAFS, in the amount of $309.77, adding in the $100.00 deficit from Defendant, NAFS, settlement letter offer. **See "EXHIBIT B" (check, front & back) attached hereto**.

15. On or about February 24, 2011, Defendant, NAFS, accepted and deposited Plaintiff's payment.

16. Defendant, NAFS, did not return funds to Plaintiff.

17. On or about March 11, 2011, Plaintiff issued the second payment to Defendant, NAFS, in the amount of $100.00. **See "EXHIBIT C" (check, front & back) attached hereto**.

18. Defendant, NAFS, accepted and deposited Plaintiff's check.

19. Defendant, NAFS, did not return funds to Plaintiff.

20. On or about April 11, 2011, Plaintiff issued third payment as required to Defendant, NAFS, in the amount of $100.00.

21. Defendant, NAFS, did not process payment.

22. On or about May 11, 2011, Plaintiff's attorney called Defendant, NAFS, and spoke with agent, "Eric Faso".

23. Defendant, NAFS, agent, "Eric Faso", informed Plaintiff's attorney that Defendant, Chase, had recalled the account on or about March 1, 2011.

24. Plaintiff is unsure why the account would be recalled since all payments were made in a timely manner.

25. Despite, Defendant, Chase, having recalled Plaintiff's account, Defendant, NAFS, still processed Plaintiff's March 11, 2011 payment and has never returned Plaintiff's funds.

26. Defendant, NAFS, did not contact the Plaintiff or her attorney to inform them that Defendant, Chase, has recalled the account.

27. Neither, Defendant, NAFS, or Defendant, Chase, has stated the reason that the Plaintiff's account was recalled.

28. Defendants, NAFS, and Defendant, Chase, have failed to honor the settlement agreement that was promised and in place with the Plaintiff.

29. The Defendants, NAFS, and Chase, acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

30. The Defendant, NAFS, knew or should have known that their actions violated the FDCPA. Additionally, Defendant, NAFS, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendant, NAFS, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, NAFS, herein.

32. At all times pertinent hereto, the conduct of Defendant, NAFS, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendant, NAFS, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

### Plaintiff v. National Action Financial Services, Inc.

34.     The above paragraphs are hereby incorporated herein by reference.

35.     At all times relevant hereto, Defendant, NAFS, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, National Action Financial Services, Inc., for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## BREACH OF CONTRACT

### Plaintiff v. NAFS and Chase

37. The above paragraphs are hereby incorporated herein by reference.

38. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, NAFS, and Chase, promised to the Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

39. Plaintiff fulfilled his contractual obligation by making timely payments.

40. Defendants, NAFS and Chase, failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, NAFS and Chase, for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Date: June 28, 2011

Respectfully submitted,

WARREN & VULLINGS, LLP

BY: _____

Bruce K. Warrens, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
bkw@w-vlaw.com
Attorney for Plaintiff